UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE LEE QUICK,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 1:24-1934 |
| v. | : | (JUDGE MANNION) |
| **C.O. GIMBLE,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court in this prisoner civil rights case is defendants' motion to partially dismiss plaintiff's complaint. For the reasons set forth below, the motion will be granted, and plaintiff will be granted leave to file an amended complaint.

### I. BACKGROUND

Plaintiff, Eddie Lee Quick, filed this case on November 1, 2024, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 2). That court transferred the case to this district on November 12, 2024. Upon being transferred, the case was initially assigned to United States District Judge Chirstopher C. Conner. It was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

According to the complaint, Quick was in his cell on May 28, 2024, when the only defendant, correctional officer Gimble, pepper sprayed him

"all about [his] head, face and body." (Doc. 2 at 2). Several other correctional officers, who are not named as defendants, subsequently escorted Quick out of his cell and into a holding cell, where a nurse examined him. (*Id.* at 2-3). Quick was then left in the holding cell without being allowed to shower or otherwise clean the pepper spray off his body for an unspecified amount of time. (*Id.*) Based on these allegations, Quick asserts claims for violation of his civil rights under the Fifth, Eighth, and Fourteenth Amendments. The caption of the complaint indicates that Gimble is the only defendant, but Quick seeks damages from Gimble and other individuals. (*Id.* at 3-4).

Gimble filed a motion to dismiss the complaint on March 6, 2025, and filed a brief in support of the motion on March 21, 2025. (Docs. 16, 18). Quick has not responded to the motion to dismiss, and the deadline for doing so has expired under the Local Rules. Quick has additionally filed a motion to suppress evidence, but has not filed a brief in support of the motion. (Doc. 17).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

2

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.  DISCUSSION

Quick's civil rights claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States

Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

Gimble's motion to dismiss seeks to dismiss the complaint to the extent it advances any claims other than an Eighth Amendment excessive force claim. (Doc. 18). Gimble concedes that the facts as alleged state a claim for violation of Quick's Eighth Amendment rights, but argues that as presently pleaded it does not state any other claims upon which relief may be granted.

The court agrees. Gimble is the only defendant named in the complaint and the only action he allegedly performed is pepper spraying Quick. (*See* Doc. 2). These facts are sufficient to state a claim for violation of Quick's Eighth Amendment rights, but because the facts supporting Quick's claims for violation of the Fifth and Fourteenth Amendments are completely coextensive with the Eighth Amendment claim, they must be dismissed under the more-specific-provision rule. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (noting that under the more-specific-provision rule, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997))).

The court, however, will grant Quick leave to file an amended complaint. As presently pleaded, the complaint only names Gimble as a defendant. (*See* Doc. 2 at 1). In the complaint's prayer for relief, however, Quick seeks damages from Gimble and several other defendants. The court will accordingly allow Quick to file an amended complaint to clarify whether he is intending to assert any constitutional claims against other defendants, or whether he intends to proceed only against defendant Gimble.[1]

## IV.  CONCLUSION

For the foregoing reasons, the court will grant defendant's motion to partially dismiss the complaint, dismiss all claims other than the Eighth Amendment claim without prejudice, grant Quick leave to file an amended complaint to clarify whether he intends to assert claims against any defendants other than defendant Gimble, and deem Quick's motion to suppress evidence withdrawn. An appropriate order shall issue.

                                                                                      */s/ Malachy E. Mannion*
                                                                                      Malachy E. Mannion
                                                                                      United States District Judge

Dated: 12/19/25
24-1934-01

---

[1] Quick's motion to suppress evidence will be deemed withdrawn for his failure to file a supporting brief in accordance with Local Rule 7.5.